Smith v. Wallace.

---

### WILLIAM SMITH v. L. W. WALLACE et al.

No. 436.   (61 Pac. 458.)

AGENCY—*Conflict of Testimony—Finding of Lower Court.* The evidence in this case examined, and *held*, that it is sufficient to uphold the findings and judgment of the trial court.

Error from Woodson district court; L. STILLWELL, judge. Opinion filed June 13, 1900. Affirmed.

*L. B. & J. M. Kellogg*, for plaintiff in error.
*Lamb & Hogueland*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This was a foreclosure proceeding brought by William Smith, plaintiff in error, in the district court of Woodson county, to foreclose a mortgage given by one L. W. Wallace to the Emporia Investment Company, which mortgage was by the investment company assigned to Smith. Some time after executing the mortgage, Wallace sold the land to William H. Morris, who assumed payment of the mortgage. Prior to the commencement of this action, Morris died, and by will left the land to his widow, Nancy E. Morris, one of the defendants in error herein.

About the time that the mortgage became due, Morris made application to the Emporia Investment Com-

Smith v. Wallace.

pany for an extension on $500 of the mortgage indebtedness, the total indebtedness amounting to $1000. The investment company submitted the application to Smith, the assignee of the mortgage, and he consented to make the arrangement. Morris paid $500 to the investment company upon the understanding that Smith was to grant an extension of three years upon the remaining $500. The company became insolvent and the money was never sent to Smith or returned to Morris. Smith brought suit, and in his petition demanded judgment for $1000, the amount of the mortgage indebtedness. Defendants, as one defense, set up the payment of $500 to the Emporia Investment Company, and the question which we are called upon to decide is, Did the company receive the money as the agent of Smith or as the agent of Morris?

We have carefully examined the record and find upon this question a conflict of evidence. There is, however, evidence which, in our opinion, tends to show that the investment company acted as the agent of Smith, and, under the well-settled rule of practice, we cannot weigh conflicting evidence. As there is some evidence tending to show that the company acted as agent of Smith the judgment of the district court must be upheld.

Plaintiff in error also objects to the introduction of certain evidence, but, so far as the objection can now be considered by us, we think that such evidence was admissible for the purpose of showing general agency.

No error appearing, the judgment of the district court will be affirmed.